**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

**UNITED STATES OF AMERICA,**  Criminal No. 05-081 (MJD/JGL)

  Plaintiff,

 v.  **REPORT AND RECOMMENDATION**

**FERNANDO PILLADO,**

  Defendant.

---

APPEARANCES

Lisa Kirkpatrick, Esq., Assistant United States Attorney, for Plaintiff United States of America

Lyonel Norris, Esq., for Defendant Fernando Pillado

---

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came on for hearing before the undersigned Chief Magistrate Judge of District Court on April 15, 2005. The case has been referred to the undersigned for resolution of pretrial matters pursuant to 28 U.S.C. § 636 and D. Minn. LR 72.1.

An Indictment was filed against Defendant March 15, 2005, charging him with one count of possession with intent to distribute methamphetamine and one count of illegal entry after deportation. This

Court held a pretrial motion hearing on April 15, 2005 at which Defendant was present and represented by counsel.  Minneapolis Police Officers David Garman and Brianna Dybing testified, and the Government introduced two exhibits into evidence: 1) a search warrant and application for the vehicle in question, signed February 19, 2005; and 2) a second search warrant and application for the vehicle in question, signed February 21, 2005.

Defendant's dispositive pretrial motions will be addressed in this Report and Recommendation.  Defendant's nondispositive motions will be addressed in a separate Order.

**I.     The Hearing Testimony and Exhibits**

On the morning of February 19, 2005, Minneapolis Police Officer Brianna Dybing was on duty and saw a pending 911 call in the 5th District. Officer Dybing called Officer Garman, who she knew was working that morning, and Officer Garman contacted the caller.  Officer Garman knew the caller as a Confidential Reliable Informant ("CRI") and was previously involved with the CRI in a case that netted multiple pounds of drugs seized.  The CRI told Officer Garman that there was a large amount of crystal methamphetamine in a white Mitsubishi, with Arizona special plates, currently parked at a Conoco gas station at 44th and France Avenue.  The CRI indicated that he had personal knowledge of the narcotics, as he had ordered

some of them. The CRI indicated that the driver of the Mitsubishi was Hispanic. The call took place at approximately 6:30 a.m.

Officer Garman went to the 44th and France area to do some static surveillance from across the street. Officer Garman noticed a lone Hispanic male in a white Mitsubishi Diamante with the engine running in the parking lot of the closed Conoco gas station. The Mitsubishi did not have front license plates, but it had temporary Arizona tags. The CRI told Officer Garman that the plan was that the Mitsubishi's driver, the Defendant, would follow the CRI to another location to take the drugs out of the vehicle. The CRI was also driving in a vehicle, and he drove by the station, confirmed that the person in the Mitsubishi was the source of the supply for the narcotics, and called Officer Garman to tell him so. The CRI also told Officer Garman that he would call Defendant by phone. Immediately after the CRI and Garman ended the phone call, Officer Garman observed Defendant make a hand motion that looked like he was picking up a telephone.

Officer Garman then observed the Defendant pull out behind the CRI's vehicle as the CRI drove by. Defendant went through a red light and was traveling northbound on France, behind the CRI as planned. Officer Garman got on the police radar and advised Officer Dybing to make the stop. Officer Dybing was waiting for the call, as Officer Garman had previously

called to tell her that the CRI had given him reliable information and that he wanted her in the area. Officer Dybing waited for the Defendant's car to pass and then pulled out, turned on the squad's lights and pulled Defendant over.

Defendant was taken to Hennepin County jail, and a small amount of methamphetamine was found on his shoe. Officer Garman completed two search warrant applications on Defendant's vehicle, describing the communications with the CRI, his surveillance of Defendant, and the positive test for methamphetamine on Defendant's shoe. The search warrants were signed, and a search of the vehicle yielded methamphetamine.

## II. Motion to Suppress

Defendant moves to suppress evidence obtained as a result of search and seizure.

Courts look to the totality of the circumstances known to the officers at the time of arrest in determining whether probable cause to make a warrantless arrest existed. Illinois v. Gates, 462 U.S. 213, 230-39 (1983). Probable cause exists at the time of arrest where a person of reasonable caution would believe an offense had been committed by the person to be arrested. Dunaway v. New York, 442 U.S. 200, 208 n.9 (1979) (collecting cases). Courts should give due weight to the inferences police officers could draw from their experience. United States v. Wilson, 964 F.2d 807, 809 (8th

Cir. 1992). "In dealing with probable cause, however, as the very name implies, we deal with probabilities. These are not technical; they are the factual and practical considerations of everyday life on which reasonable and prudent [persons], not legal technicians, act." Brinegar v. United States, 338 U.S.160, 175 (1949). Probable cause does not require that police are certain a suspect has engaged in criminal activity, only that there is a "substantial chance of criminal activity." Gates, 462 U.S. at 244. Further, probable cause is determined by judging the collective knowledge of the officers, rather than what any single officer knew at the time of arrest. United States v. Wells, 347 F.3d 280, 287 (8th Cir. 2003).

A search warrant to conduct a search or to seize evidence of a crime must be supported by probable cause. U.S. Const. amend IV. Facts in a supporting affidavit must provide the issuing judge with a "substantial basis" to believe that a "fair probability" exists of finding evidence of crime. See Gates, 462 U.S. at 238-39. When a judge relies solely on an affidavit to issue a warrant, the judge may consider only information within the "four corners" of the affidavit. See United States v. Leichtling, 684 F.2d 553, 555 (8th Cir. 1982). A supporting affidavit must show a "fair probability that contraband or evidence of a crime will be found in a particular place." Gates, 462 U.S. at 238. Courts reviewing a decision to issue a warrant must give great deference

to a judge's decision to issue a search warrant and "give due weight to inferences drawn" by issuing judges and local law enforcement.  See Ornelas v. United States, 517 U.S. 690, 699 (1996).

When probable cause is supported by information provided by a confidential informant, "a key issue is whether that information is reliable." United States v. Fulgham, 143 F.3d 399, 401 (8th Cir. 1998)(citing United States v. Brown, 49 F.3d 1346, 1349 (8th Cir. 1995)).  Information may be found sufficiently reliable to support probable cause if the person providing the information has a "track record of supplying reliable information, or if it is corroborated by independent evidence." Id. (quoting United States v. Williams, 10 F.3d 590, 593 (8th Cir. 1993)).  Corroboration of an informant's tip either by "another independent source" or by independent investigation by the authorities can provide sufficient indicia of reliability of information to establish probable cause.  United States v. Parker, 836 F.2d 1080, 1082 (8th Cir. 1987), cert. denied, 486 U.S. 1025 (1988); United States v. McGlynn, 671 F.2d 1140, 1145 (8th Cir. 1982); United States v. Goodson, 165 F.3d 610, 614 (8th Cir.), cert. denied, 527 U.S. 1030 (1999); see also United States v. Murphy, 69 F.3d 237 (8th Cir. 1995), cert. denied, 516 U.S. 1153 (1996) .

In the present case, the officers had sufficient probable cause to believe that there was a substantial chance that Defendant was engaged in

criminal activity and to believe that evidence of a crime would be found in the car.  A CRI with whom Officer Garman had previously worked provided specific information about the immediate location of crystal methamphetamine.  The CRI provided Officer Garman with a detailed description of the car, its location, and its driver.  Officer Garman then promptly corroborated these details with his own surveillance. Officer Garman was further able to witness what appeared to be interaction between the CRI and Defendant, just as CRI predicted.  When the Defendant ran a red light to follow the CRI's car, Officer Garman could reasonably conclude that Defendant was following the CRI to another location to unload the drugs, just as the CRI had described the plan.  Under the totality of the circumstances here, probable cause existed to stop Defendant.  These same factors support the finding of probable cause to support the search warrant of the vehicle.  As such, Defendant's motion to suppress should be denied.

      Based upon the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

      Defendant Fernando Pillado's Motion to Suppress Evidence

Obtained as a Result of Search and Seizure (Doc. No. 14) should be **DENIED**;

Dated: April 21, 2005

          <u>s/ Jonathan Lebedoff</u>
          JONATHAN LEBEDOFF
          Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.1(c)(2), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving on all parties by May 10, 2005, written objections which specifically identify the portions of the proposed findings or recommendations to which objection is being made, and a brief in support thereof. A party may respond to the objecting party's brief within ten days after service thereof. All briefs filed under this rule shall be limited to ten pages. A judge shall make a de novo determination of those portions to which objection is made. This Report and Recommendation does not constitute an order or judgment of the District Court, and it is therefore not appealable to the Circuit Court of Appeals. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.